Chester R. Ostrowski, Esq. (#019652009)
Lee S. Shalov, Esq.*
Brett R. Gallaway Esq.*
Jason S. Giaimo, Esq.*
**McLAUGHLIN & STERN, LLP**
1 Elm Street, Suite 2
Westfield, New Jersey 07090
Tel.: (908) 894-6001
costrowski@mclaughlinstern.com
* *Pro Hac Vice* Admission Anticipated

*Attorneys for Plaintiff Arnaldo Mendoza and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ARNALDO MENDOZA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FRONTIER AIRLINES, INC.,<br><br>Defendant. | Case No.: 26-cv-4196<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Arnaldo Mendoza ("Mendoza" or "Plaintiff"), on behalf of himself and all other similarly situated persons, by and through his undersigned counsel, alleges upon personal knowledge as to himself and upon information and belief as to other matters (which is based on, among other things, his experience at Defendant's facility, review of Defendant's records, conversations with Defendant's employees, and investigation of his counsel), as follows:

## NATURE OF ACTION

1. Plaintiff brings this action on behalf of himself and all other similarly situated current and former hourly flight attendants ("Flight Attendants") of Frontier Airlines, Inc. ("Defendant" or "Frontier") who were based out of an airport in New Jersey, including Trenton-

Mercer Airport ("Trenton Airport"), seeking redress for Defendant's systematic failure to compensate Plaintiff and Flight Attendants for all hours worked.

2. More specifically, Defendant is one of the largest airlines in the United States, operating extensive domestic and international routes across the United States, central America, and the Caribbean, generating approximately $3.7 billion in annual revenue and employing thousands of Flight Attendants and other employees.

3. Despite generating billions of dollars in annual revenue, Defendant employs a systematic, company-wide practice depriving Flight Attendants of compensation for all hours worked, including overtime at the applicable overtime rate for hours worked in excess of forty hours in a week.

4. As further set forth herein, Defendant maintains a uniform corporate policy and practice of paying Flight Attendants on an hourly basis only for work performed during "Block Time," which is defined as the time from when the pilot releases the aircraft's parking brake prior to departure to the time when the parking brake is set at the arriving destination at the conclusion of the flight. As a result, Defendant fails to pay Flight Attendants for a multitude of principal work activities that are routinely performed outside of Block Time, including but not limited to: (i) appearing and checking in at the airport at least one hour before a scheduled flight for domestic flights and one hour and fifteen minutes before a scheduled flight for international flights; (ii) completing pre-flight documentation and tasks, including prepping for catering, conducting security checks, inspecting oxygen tanks, performing jump seat inspections, and preparing the aircraft for passengers; (iii) waiting at the gate before boarding the flight; (iv) participating in pre-flight staff meetings; (v) checking safety equipment and inventory; (vi) boarding passengers onto the plane; (vii) providing customer service to passengers before the aircraft parking brake is

released and the plane begins its departure; (viii) assisting passengers in exiting the plane, including deplaning; and (ix) traveling between gates and preparing for subsequent flights, including immediately beginning pre-boarding activities for additional flights.

5. All told, as a result of Defendant's improper practice and policy of compensation Flight Attendants for work performed after releasing the aircraft's brakes until the brakes are set at the conclusion of the flight, Flight Attendants routinely perform approximately 2-4 hours of uncompensated work each flight sequence.

6. Defendant's illegal and improper wage practices, which are uniform throughout Defendant's facilities and have been known to Defendant for years, have deprived Flight Attendants of millions of dollars in wages and overtime compensation.

7. For these reasons, Plaintiff brings this action on behalf of himself and other Flight Attendants to recover unpaid wages, overtime compensation, damages, penalties, and reasonable attorneys' fees and costs under the New Jersey Wage and Hour Law ("NJWHL"), including N.J.S.A. § 34:11-56a, et seq. and N.J.A.C. 12:56, et seq. Additionally, Defendant fails to pay Flight Attendants all earned wages in violation of the New Jersey Wage Payment Law ("NJWPL"), New Jersey Statutes Annotated ("N.J.S.A.") § 34:11-4.1, et seq.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a proposed class action in which: (a) there are 100 or more members in the proposed class, including Mendoza ("Class" or "Class Members"); (b) at least some of the proposed Class Members, including Mendoza, have a different citizenship from Defendant; and (c) the claims of the proposed Class Members exceed $5,000,000.00 in the aggregate.

9. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(1) because Defendant conducts business in this District and a substantial portion of the events giving rise to the claims occurred in this District.

## THE PARTIES

### Plaintiff

10. Mendoza is a resident of New Jersey and is a current Flight Attendant for Defendant. Mendoza is employed by Defendant based out of and primarily operating out of Trenton Airport in Trenton, New Jersey. Mendoza has been employed by Defendant since the Summer of 2022, and has at all times been based out of Trenton Airport.

11. Mendoza’s job duties as a Flight Attendant include, among other things, compliance with aviation safety regulations; ensuring passenger safety, including during the boarding and deplaning process, as well as during flights; providing customer service, including during the boarding and deplaning process, as well as during flights; providing seat belt extensions to passengers; boarding announcements; responding to inflight medical emergencies; conducting passenger cabin counts; cleaning and collecting trash on the plane; collaborating with the cockpit regarding flight status; conducting safety checks; demonstrating emergency procedures; serving snacks and beverages; assisting passengers with special needs; and ensuring passenger comfort, including during the boarding and deplaning process, as well as during flights.

12. At all times throughout his employment with Defendant, Mendoza was an hourly employee, regularly working for Defendant at airports in New Jersey.

13. Mendoza is not currently in possession of the records necessary to determine all of the hours he worked for Defendant in New Jersey for which he was paid less than the applicable rate, including the applicable overtime rate. Those records should be in Defendant's possession

and will be sought in discovery during the action.

14. To the best of Mendoza's knowledge and recollection, he estimates that he typically works approximately 75 to 100 hours per month, including approximately 3 to 4 hours per Shift for which he is not compensated at all.[1] More specifically, Mendoza regularly arrives for his Shift at the designated airport approximately one hour and thirty minutes prior to the scheduled departure time. After Mendoza makes his way through security (which typically takes 20-25 minutes), he clocks in for the start of his Shift, and immediately makes his way to the gate to commence the pre-flight work activities described above. Thus, Mendoza is "on-the-clock" approximately 1 hour prior to the scheduled departure time, during which time he is performing his principal work activities for Defendant. Nevertheless, he is not compensated until the plane is boarded and the pilot releases the aircraft's brakes. On average, Mendoza estimates that he is not compensated for approximately 2 hours each Shift prior to the pilot releasing the aircraft's brakes.

15. Once the aircraft arrives at its destination and the aircraft's brakes are set, Mendoza and other Flight Attendants spend approximately 25-30 minutes assisting passengers deplaining the aircraft. Mendoza and the other Flight Attendants, however, are not compensated for this additional time. Additionally, on most Shifts, after the deboarding process is complete, Mendoza is required to immediately go to another gate and commence the pre-boarding work activities described above for his next flight sequence. Again, Mendoza is not compensated for this additional time worked. Thus, on average, Mendoza works, but is not compensated, for approximately 3-4 hours per Shift.

[1] References to "Shift" are to the time that Plaintiff commences his workday after having cleared security and clocking in until the time when he is completely relieved of his work duties at the conclusion of his workday.

16. Mendoza typically works 4 to 6 Shifts in a week. During those weeks, Mendoza estimates that he worked in excess of 40 hours, including at least 12 to 24 hours for which he did not receive any compensation, let alone compensation at the applicable overtime rate for hours worked in excess of forty hours in a week.

17. In particular, to the best of Mendoza's knowledge and recollection, he routinely works in excess of forty hours per week.

18. In addition, Mendoza is required to work certain Shifts in which he is considered "Ready/Reserve." On these Shifts, Mendoza sits at a given airport for at least 6 hours in the event that Defendant requires a Flight Attendant to work a flight (such as if another Flight Attendant times out and cannot work the flight), but he is only paid for one-half of the hours worked. By way of example, if Mendoza is "Ready/Resevere" for 6 hours, he is only paid for 3 hours.

19. As further set forth herein, Mendoza routinely performs work for Defendant for which he is not compensated, including overtime at the applicable rate for hours worked in excess of forty hours per week.

20. As a Flight Attendant, Mendoza cannot exercise independent judgment or control over the daily and overall operations of the areas in which he worked. Mendoza cannot hire or fire other Flight Attendants. Mendoza also cannot set the schedules of other Flight Attendants, and cannot pick and choose his particular job assignments during any given Shift, but rather is assigned assignments by his supervisors. Despite this lack of independent discretion, throughout his employment, Mendoza has not been properly compensated for all hours worked.

**Defendant**

21. Defendant Frontier Airlines, Inc. is a corporation organized and existing under the laws of the State of Colorado, with its principal place of business located at 4545 Airport Way,

Denver, Colorado 80239.

22. Defendant operates flights throughout the United States, including within the State of New Jersey, and employs Flight Attendants who are based out of airports within this District, including Trenton Airport.

**FACTUAL ALLEGATIONS**

23. Defendant employs Flight Attendants based out of airports in New Jersey, including Trenton Airport.

24. Defendant hired Plaintiff and all other Flight Attendants and promised to pay hourly wages for all hours worked. Defendant, however, systematically failed and refused to compensate Plaintiff and Flight Attendants for all hours worked.

25. At all times during the relevant period, Defendant only pays Flight Attendants for "Block Time," which is defined as the time from when the pilot releases the aircraft's parking brake prior to departure to the time when the parking brake is set at the arriving destination at the conclusion of the flight.

26. As a result of Defendant's "Block Time" policy and practice, Defendant fails to pay Flight Attendants for a multitude of principal work activities that are routinely performed outside of Block Time, including but not limited to:

(a) The hours that Plaintiff and the Class spent appearing and checking in at the airport at least one hour before a scheduled flight;

(b) The hours that Plaintiff and the Class spent completing pre-flight tasks, including prepping for catering, conducting security checks, inspecting oxygen tanks, performing jump seat inspections, and preparing the aircraft for passengers;

(c) The hours that Plaintiff and the Class spent waiting at the gate before boarding the flight;

(d) The hours that Plaintiff and Class Members spent boarding passengers onto the plane;

(e) The hours that Plaintiff and Class Members spent providing customer service to passengers before the aircraft's parking brake was released and the plane begins its departure;

(f) The hours that Plaintiff and Class Members spent assisting passengers in exiting the plane, including deplaning, which regularly takes approximately 25 to 30 minutes; and

(g) The hours that Plaintiff and Class Members spent traveling between gates and preparing for subsequent flights, including immediately beginning pre-boarding activities for additional flights.

27. During these unpaid, non-flying work hours, Plaintiff and the Class are required to be at their prescribed work site, *i.e.*, the gate and plane to which they are assigned, Trenton Airport, or the gate at which the plane to which they are assigned is scheduled to arrive.

28. During these unpaid, non-flying work hours, Plaintiff and the Class are required to be in uniform, and to abide by Defendant's policies, practices, and procedures. Because they are in uniform and on duty, Plaintiff and the Class were required to address any passenger concerns, perform pre-flight duties, and assist passengers during these non-flying work hours.

29. Moreover, Plaintiff and the Class are subject to discipline if they were accused of violating Defendant's policies and practices during these non-flying work hours.

30. Plaintiff and the Class are not at liberty to use these non-flying hours for their own purposes. Thus, the unpaid non-flying work hours belong to, and are controlled by Defendant.

31. As a result of Defendant's "Block Time" policy, Defendant fails to pay Plaintiff and the Class for the hundreds (if not thousands) of hours that they work for Defendant in New Jersey.

32. Although Plaintiff is not currently in possession of the records necessary to determine all of the hours he worked for Defendant in New Jersey for which he was not paid, to the best of Mendoza's knowledge and recollection, he works an average of approximately 12 to 24 unpaid hours per week in New Jersey during his employment, including time spent working above forty hours in a week for which he did not receive overtime pay at the rate of one and one-half times his regular rate of pay.

33. Defendant's pay policies and practices are the same for all Flight Attendants, and apply to each Flight Attendant in the same manner.

34. Based on Plaintiff's observations, recollections, and conversations with other Flight Attendants during his employment, Plaintiff is aware that other Class Members similarly worked unpaid hours each week and likewise did not receive overtime compensation for all hours worked in excess of forty hours in a week.

35. Indeed, on many occasions, the non-flying hours that Plaintiff and the Class were required to work resulted in hours over forty per week.

36. At all relevant times, Defendant knew or through the exercise of reasonable diligence should have known that Plaintiff and Flight Attendants worked substantial hours each Shift for which they were not paid, and that its failure to pay Plaintiff and Flight Attendants violated applicable New Jersey law. As such, Defendant's actions were willful.

## CLASS ALLEGATIONS

37. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

38. Plaintiff brings this action on behalf of himself and others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Excluded from the Class are Defendant, its legal representatives, officers, directors, assigns, and successors, or any individual who has or had a controlling interest in Defendant. Also excluded are persons who submit timely and otherwise valid requests for exclusion from the Class.

39. Defendant employs numerous Flight Attendants, and it systematically fails and refuses to pay Flight Attendants for all compensable hours worked. The members of the Class are so numerous that joinder of all members in one proceeding is impracticable.

40. Plaintiff's claims are typical of the claims of other Class Members because Plaintiff was a Flight Attendant who was not compensated for work performed at Defendant's request and direction as a result of Defendant's uniform "Block Time" policy and practice.

41. Plaintiff and other Class Members have sustained similar types of damages as a result of Defendant's failure to comply with the New Jersey wage and hour laws.

42. Plaintiff and other Class Members have been injured in that they have been uncompensated or undercompensated due to Defendant's common policies, practices, and patterns of conduct.

43. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel competent and experienced in complex class actions and wage and hour litigation. There is no conflict between Plaintiff and the Class.

44. Common questions of law and fact exist as to the Class that predominate over any questions solely affecting them individually, which include, but are not limited to, the following:

(a) Whether Defendant failed and/or refused to pay Plaintiff and the Class for all hours worked for Defendant;

(b) Whether Defendant failed and/or refused to pay Plaintiff and the Class overtime at the applicable rate for hours worked in excess of forty per workweek;

(c) Whether Defendant failed and/or refused to pay Plaintiff and the Class all wages for hours worked as required by N.J.S.A. § 34:11-4.1, et seq.;

(d) Whether Defendant engaged in a pattern and/or practice in New Jersey of forcing, coercing, and/or permitting Plaintiff and the Class to perform work for Defendant's benefit which was not compensated;

(e) Whether Defendant's policy of failing to pay Flight Attendants for any time other than "Block Time" was instituted willfully or with reckless disregard of the law; and

(f) The nature and extent of class-wide injury and the measure of damages for those injuries.

45. Class treatment is superior to any alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would entail. Individual class members' damages are inadequate to justify the costs of prosecuting their claims in any manner other than a class action. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Members of

the Class are readily identifiable from Defendant's own records.

46. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

47. Without a class action, Defendant will retain the benefit of its wrongdoing and will continue a course of action that will result in further damages to Plaintiff and the Class.

48. Plaintiff intends to send notice to all members of the Class pursuant to Federal Rule of Civil Procedure 23.

## FIRST CAUSE OF ACTION

## VIOLATION OF NEW JERSEY WAGE AND HOUR LAW – UNPAID WAGES
**(On behalf of Plaintiff and the Class)**

49. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

50. Plaintiff and all other members of the Class are or were employed by Defendant within the meaning of N.J.S.A. § 34:11-56a1(h).

51. Defendant is an employer of Plaintiff and the Class within the meaning of N.J.S.A. § 34:11-56a1(g).

52. Pursuant to N.J.S.A. § 34:11-56a, et seq., and N.J.A.C. 12:56-5.2, Plaintiff and the Class are entitled to compensation for all hours worked at their regular rate of pay, which must be at least at the applicable minimum wage. Time worked includes, *inter alia*, all of the time the employee is required or permitted to be at his place of work.

53. Employers who violate N.J.S.A. § 34:11-56a shall be liable for the unpaid wages and may be liable for an additional amount equal to not more than 200 percent of the amount of the unpaid wages, plus costs and reasonable attorneys' fees. *See* N.J.S.A. § 34:11-56a25.

54. Defendant, however, employs a policy and practice of refusing to compensate Plaintiff and the Class for all hours worked by only compensating Plaintiff and the Class for "Block Time," despite that Plaintiff and the Class perform substantial work activities for Defendant beyond just Block Time.

55. As a result of its company-wide practice and policy of only compensating Plaintiff and the Class for "Block Time," Defendant violated N.J.S.A. § 34:11-56a and N.J.A.C. 12:56-5.2 by failing to pay Plaintiff and the Class wages for all hours worked, including at the applicable minimum wage.

56. The exact amount of compensation for hours worked at the direction of Defendant both pre- and post-Block Time that Defendant has failed to pay Plaintiff and the Class is unknown at this time, as many of the records necessary to make such precise calculations are in Defendant's possession. The New Jersey Wage and Hour Law requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiff and the Class are entitled to review Defendant's records to determine the exact amount of wages owed.

57. Because Defendant knew, or through the exercise of reasonable diligence should have known, that its "Block Time" policy violated New Jersey Wage and Hour Law, Defendant's violations were willful.

58. Based on the foregoing, Defendant is liable to Plaintiff and the Class for unpaid wages, unpaid minimum wage, liquidated damages, attorneys' fees, costs, and interest in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF NEW JERSEY WAGE AND HOUR LAW – UNPAID OVERTIME
**(On behalf of Plaintiff and the Class)**

59. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

60. Pursuant to N.J.S.A. § 34:11-56a(4) and N.J.A.C. § 12:56-6.1, Plaintiff and the Class are entitled to overtime compensation at the rate one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

61. As a result of its company-wide practice and policy of only compensating Plaintiff and the Class for "Block Time," Defendant violated N.J.S.A. § 34:11-56a(4) and N.J.A.C. § 12:56-6.1 by failing to pay overtime compensation for all hours worked in excess of forty per week.

62. The exact amount of compensation for hours worked at the direction of Defendant both pre and post Block Time that Defendant has failed to pay Plaintiff and the Class is unknown at this time, as many of the records necessary to make such precise calculations are in Defendant's possession. Plaintiff and the Class are entitled to review Defendant's records to determine the exact amount of wages owed.

63. Because Defendant knew, or through the exercise of reasonable diligence should have known, that its "Block Time" policy violated New Jersey Wage and Hour Law, Defendant's violations were willful.

64. Based on the foregoing, Defendant is liable to Plaintiff and the Class for unpaid overtime wages, liquidated damages, attorneys' fees, costs, and interest in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW JERSEY WAGE PAYMENT LAW – FAILURE TO PAY ALL WAGES
**(On behalf of Plaintiff and the Class)**

65. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

66. Pursuant to N.J.S.A. § 34:11-4.2, an employer must pay the full amount of wages due to its employees.

67. Defendant failed to pay Plaintiff and the Class all wages earned for work performed, including pre-flight work, boarding, deplaning, and work performed between flights.

68. Defendant's failure to pay all earned wages constitutes a violation of the New Jersey Wage Payment Law.

69. As a result of Defendant's violations, Plaintiff and the Class are entitled to recover unpaid wages, liquidated damages, attorneys' fees, costs, and interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, respectfully requests that this Court grant the following relief:

1. Designation of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and prompt issuance of notice to all Class Members apprising them of the pendency of the action and the ability to request exclusion;

2. Appointment of Plaintiff as Class Representative of the Class;

3. Appointment of Plaintiff's counsel as Class Counsel for the Class;

4. An award of damages, according to proof, to Plaintiff and the Class for unpaid minimum wages, unpaid straight wages, and unpaid overtime wages, in addition to liquidated

damages;

5. An award of attorneys' fees pursuant to N.J.S.A. § 34:11-56a25;

6. An award of pre-judgment and post-judgment interest as provided by law;

7. An award of costs incurred herein, including expert fees;

8. An award of injunctive relief to prevent against future wage and hour violations; and

9. All such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable.

**DEMAND TO PRESERVE EVIDENCE**

Defendant is hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff and Plaintiff's employment, to Plaintiff's causes of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, Instagram, WhatsApp, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

**NOTICE PURSUANT TO N.J.S.A. § 34:11-4.1**

Defendant is hereby put on notice that pursuant to the provisions of N.J.S.A. § 34:11-4.1, Plaintiff and the Class intend to charge and hold personally, jointly and severally liable, the officers and managers of Defendant for all wages due and owing to Defendant's employees for services

performed by them and Plaintiff has expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
April 21, 2026

McLAUGHLIN & STERN, LLP

By: ______________________

Chester R. Ostrowski
Lee S. Shalov*
Brett R. Gallaway*
Jason S. Giaimo*
1 Elm Street, Suite 2
Westfield, New Jersey 07090
Tel.: (908) 894-6001
costrowski@mclauhglinstern.com
lshalov@mclauhglinstern.com
bgallaway@mclauhglinstern.com
jgiaimo@mclaughlinstern.com
* *Pro Hac Vice* Admission Anticipated

*Attorneys for Plaintiff Arnaldo Mendoza and the Proposed Class*